BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO CRUZ REYES, Defendant and Appellant.

No. 6008. Argued April 11, 1934.—Decided June 26, 1935.

*Felipe Colón Díaz* for appellant.   *Dubón & Ochoteco, J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Pedro Cruz Reyes was sued by the Brockway Motor Truck Corporation of Porto Rico for $1,315.68 due on a truck it conditionally sold to him.   He was adjudged to pay, and took the present appeal.

The first ground of appeal urged is that the lower court erred in admitting eleven promissory notes as evidence at the trial, thus violating section 4 of the Private Corporations Act.

Said promissory notes were signed by Pedro Cruz to the order of J. Octavio Seix & Co., Inc., and each one has an indorsement in the following form: "J. Octavio Seix & Co., Inc., by R. Quevedo, Treasurer."

The appellant says that those promissory notes should not have been admitted as evidence because Raúl Quevedo, treasurer of J. Octavio Seix & Co., Inc., was not authorized to make such indorsement without the approval of the president of the corporation, as required by its by-laws.   Although various reasons why those notes should not be admitted as evidence were advanced in the lower court, nevertheless, the question now raised by the appellant was not urged in the lower court, for which reason we might disregard it, as we held in the case of *Nadal* v. *Miranda,* 27 P.R.R. 300.   However, the president of J. Octavio Seix & Co., Inc., testified at length at the trial without stating in any part of his testimony that he did not authorize the

treasurer to execute those indorsements or that such authorization was not granted.

■■ As a second ground of appeal, it is urged that the lower court erred in not applying to the instant case the rule set forth in section 463 of the Code of Commerce. According to this section, an undated indorsement does not transfer the title and is presumed to be for the purpose of collection. Although that legal provision refers to bills of exchange, it is, however, applicable to promissory notes payable to bearer, because section 532 of the same code provides that drafts payable to order between merchants and the bills or promissory notes likewise payable to order, which arise from commercial transactions, shall produce the same obligations and effects as bills of exchange, except with regard to acceptance, which is a quality pertaining to the latter. Although an undated indorsement does not transfer ownership, and is presumed to be for the purpose of collection of the promissory notes, yet this is at most a rebuttable presumption which can be destroyed by proof of the date of the indorsement, as we decided in the case of *American Colonial Bank* v. *Camacho*, 35 P.R.R. 879, confirmed in *Brockway Motor Truck Corporation of Porto Rico* v. *Colón*, 47 P.R.R. 603, referring to the case of *Noriega & Alvarez* v. *Cruz & Co.*, 33 P.R.R. 530. The date of the indorsements in the instant case was proved by the testimony given by Mr. Villavicencio at the trial, the above-mentioned presumption being thus overcome, for which reason the lower court did not err in admitting said promissory notes as evidence.

■ The appellant also urges that the lower court erred in finding that the defendant had failed to prove that the plaintiff obtained the contract of conditional sale by fraud, as alleged by way of defense in his amended answer at the trial.

The conditional sale contract for the truck was dated in San Juan on June 10, 1929, in favor of Brockway Motor Truck Corporation of Porto Rico, and signed by the defend-

ant Pedro Cruz and two witnesses. The defendant acknowledged as his the signature on said document. The witness, Mr. Villavicencio, an employee of the plaintiff, testified that the sale was procured with his approval, by Mr. Morey, who was an employee of the plaintiff and had formerly been employed by J. Octavio Seix & Co., Inc. The defendant's principal witness was Jacinto Octavio Seix, who stated that the contract of sale was entered into in Ponce by Mr. Morey, his employee, for account of J. Octavio Seix & Co., Inc., and he sent it in blank, with the signature of the defendant, to his office in San Juan, where the plaintiff took possession of the contract and put it in its own name. But it also appears from the evidence that there were pending at that time several law suits between the corporation J. Octavio Seix & Co., Inc., of which Seix is president, and the plaintiff herein; that said Mr. Seix was absent in Santo Domingo and Haiti during the month to which the conditional sale contract refers, and that although Mr. Seix testified that on that date Mr. Morey was one of his employees, documentary evidence was presented to show that at that time said employee was receiving a salary from the plaintiff, which Seix attempted to explain by saying that the plaintiff paid him for account of J. Octavio Seix & Co., Inc. We must also state that J. Octavio Seix & Co., Inc., had for some time been selling motor vehicles of the Brockway Motor Truck Corporation of New York which later entrusted its business on this island to the plaintiff, when differences arose between the corporation of Seix and the New York Corporation; and that the sale of the truck to the defendant was made at the time Seix ceased to sell them and the plaintiff took charge of such business. In view of those facts and circumstances, and taking into account that fraud is not presumed but must be clearly and convincingly proved, as we have repeatedly held, we are unable to conclude that the lower court erred in finding that the fraud alleged by the defendant had not been proved.

Lastly, the appellant urges that the lower court also erred in holding that the law and the facts were in favor of the plaintiff.

From the mere statement of that assignment it may be seen that the same is a consequence of the other assignments which we have already considered and decided against the appellant, who again analyses the evidence; but the fact that four months after the contract of sale was entered into, the defendant delivered the truck to J. Octavio Seix & Co., Inc., without the consent of the plaintiff, can not exempt him from payment, as we decided in the case of *Román* v. *Martínez*, 25 P.R.R. 610.

The judgment appealed from must be affirmed.